**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GENARO NUNEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **SAFECO INSURANCE COMPANY OF INDIANA and ROB HANSEN,** | § | **CASE NO. _________________** |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S**
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(b) and Local Rule CV-81.1, Defendant Safeco Insurance Company of Indiana ("Safeco") files this *Notice of Removal* hereby removing this action from the 162nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division whereupon all claims against Defendant Robert Hansen ("Hansen" and together with Safeco, "Defendants") should be dismissed for improper joinder. Removal is based on diversity jurisdiction because there is complete diversity between the properly joined parties Plaintiff Genaro Nunez ("Plaintiff") and Safeco, and the amount in controversy exceeds $75,000, exclusive of interest and costs. As explained below, Hansen was improperly joined, and this Court therefore should disregard Hansen's citizenship when evaluating diversity, and he should be dismissed as a matter of law upon removal.

## I.
## INTRODUCTION

This dispute arises out of a claim for alleged hail damage to property located at 2809 Garapan Drive, Dallas, Texas 75224-2619 (the "Property"). Plaintiff alleges that Safeco breached a policy of insurance and that both Defendants violated certain provisions of the TEXAS INSURANCE CODE and TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") by, among other things, failing to pay Plaintiff's claim for damages allegedly resulting from hail.

On March 27 2015, Plaintiff filed his Original Petition in the 162nd Judicial District Court of Dallas County, Texas against Defendants. Safeco was served with a citation and a copy of Plaintiff's Original Petition on or about April 13, 2015 through its registered agent for service of process. Upon information and believe, Hansen has not been served as of the filing of this Notice of Removal.

On April 30, 2015, Safeco timely filed an answer to Plaintiff's Original Petition. This Notice of Removal is being filed within thirty (30) days of service of the Petition upon Safeco, and is thus timely filed under 28 U.S.C. § 1446(b). As explained below, removal is proper in this case because there is complete diversity of citizenship between the properly joined parties, and it is apparent from the face of Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00.

## II.
## NOTICE OF REMOVAL BASIS FOR SAME

### A. DIVERSITY OF CITIZENSHIP

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged in his Original Petition that he is a resident of the

State of Texas. *See* Plaintiff's Original Petition at ¶ II. Safeco is a corporation organized under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts. Safeco is both an Indiana and Massachusetts citizen for diversity purposes. As explained below, Hansen was improperly joined and, therefore, this Court should disregard Hansen's Texas citizenship when evaluating diversity and ultimately dismiss the entirety of Plaintiff's claims against him upon removal.

**1. Standards for Improper Joinder**

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal, *i.e.*, Plaintiff's Original Petition. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins*., 44 F.3d 256, 264 (5th Cir. 1995); *Dalton v. State Farm Lloyd's, Inc*., 2013 U.S. Dist. LEXIS 86490 (S.D. Tex. June 19, 2013). As discussed below, Plaintiff's Original Petition fails to state a plausible claim for relief against Hansen.

A defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co*., 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co*., 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-

diverse defendant in state court. *Gasch v. Hartford Accident & Indemnity Co*., 491 F.3d 278, 281 (5th Cir. 2007); *Smallwood*, 385 F.3d at 573.

**2. Hansen was Improperly Joined**

Here, Defendants seek removal under the latter part of the improper joinder test because Plaintiff's pleading provides no reasonable basis for this Court to predict that Texas law would allow recovery against Hansen. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a reasonable basis for recovery under state law, the court may conduct a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). The court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573.

While an adjuster, such as Hansen, can be found liable in his individual capacity, *Safeco Mutual Ins. Co. v. Garrison Contractors, Inc*., 966 S.W. 2d 482, 485 (Tex. 1998), Plaintiff's Original Petition, which simply tracks the underlying statute, is factually deficient and fails to state a cause of action against Hansen.

As an initial inquiry, a court must ask whether it appears from the petition that the plaintiff actually intended to sue the non-diverse defendant, *i.e.*, whether "the record … support[s] any inference that the [Plaintiff] intended to actively pursue claims" against

Hansen. *Griggs*, 181 F.3d at 699; *Dalton v. State Farm Lloyd's, Inc*., 2013 U.S. Dist. LEXIS 86490, 21-22 (S.D. Tex. June 19, 2013). Courts in the Fifth Circuit have considered the following factors in making this evaluation: (1) whether the defendant is merely minimally mentioned, (2) whether he was ever served, and (3) whether any actionable claims are specifically alleged against him. *See e.g.*, *Griggs*, 181 F.3d at 699.

Plaintiff's Original Petition identifies Hansen by name, but the allegations against him are minimal, provide no facts, and, therefore, fail to establish a plausible claim. Plaintiff merely claims that Hansen acted as the agent for Safeco in investigating, processing, evaluating, approving, and/or denying Plaintiff's claim.[1] Such generic allegations are insufficient to state a potential right to relief against Hansen. *Griggs*, 181 F.3d at 700-702; *Dalton*, 2013 U.S. Dist. LEXIS 86490 at 23 (denying plaintiff's motion to remand under virtually identical facts and pleadings).

For the most part, the remaining allegations against Hansen merely track the statutory provisions. As explained by the Southern District of Texas in a case very similar to this one, such actions can be accomplished by Safeco through an agent, and as such, Hansen's actions are indistinguishable from Safeco's actions. *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 21-22. *See also*, *Atascocita Realty, Inc. v. W. Heritage Ins. Co*., 2012 U.S. Dist. LEXIS 130526 (S.D. Tex. Sept. 13, 2012) (holding that when an adjuster's actions can be accomplished by the insurer through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co*.,

[1] *See* Exhibit C-1 (Plaintiff's Original Petition) at ¶¶ G-H.

2011 U.S. Dist. LEXIS 6541 *14 (S.D. Tex. Jan. 20, 2011). Plaintiff's conclusory claims against Hansen, individually, for insufficient investigation and undervaluing the claim are insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code and/or the DTPA. *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 23.

In addition, as of the filing of this Notice of Removal, Plaintiff has yet to serve Hansen with his Petition. Based on these two undisputed facts, it does not appear from the petition that Plaintiff actually intended to sue the non-diverse defendant.

**3. This Court Should Disregard Hansen's Citizenship When Evaluating Diversity**

It is well-settled that the presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co*., 589 F.3d 168, 171 (5th Cir. 2009). Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Hansen, his presence should be disregarded in determining diversity jurisdiction, and he should be dismissed from this lawsuit upon removal. *Id*.

Upon Plaintiff's own admission, he is a Texas citizen. Safeco is a citizen of Indiana and Massachusetts, and because Hansen has been improperly joined, complete diversity of citizenship exists between the properly joined parties.

**B. AMOUNT IN CONTROVERSY**

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand and it is not facially apparent from the plaintiff's original petition that

the amount in controversy exceeds $75,000.00, the defendant has the burden to prove that the amount in controversy exceeds the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R&H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995).

A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

**1. Plaintiff's Original Petition**

Plaintiff's Original Petition includes causes of action against Defendants for (1) breach of contract; (2) violations of the TEXAS INSURANCE CODE, Chapters 541 and 542; (3) violations of the DTPA; (4) unfair insurance practices; (5) breach of the duty of good faith and fair dealing; (6) fraud; (7) conspiracy; and (8) aiding and abetting. Based on these causes of action, Plaintiff specifically pleads that he "seeks monetary relief over $100,000.00 but not more than $200,000.00." Plaintiff's Original Petition at ¶ VIII.

**2. Plaintiff's Claim for Attorneys' Fees**

Furthermore, if a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co*., 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, FEDERAL PRACTICE &

PROCEDURE § 3712, at 176 (2d ed. 1985). Here, Plaintiff seeks attorneys' fees in connection with his breach of contract action.[2] Plaintiff also asserts a claim for attorney's fees for alleged "violations of the Texas Insurance Code."[3] Accordingly, the amount controversy clearly exceeds the $75,000 threshold required for diversity jurisdiction, and therefore this case is properly removable.

## III.
## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 8.1(a), filed concurrently with this Notice of Removal is a completed civil cover sheet, supplemental civil case cover sheet and a signed Certificate of Interested Persons that complies with LR 3.1(c). Additionally, the following exhibits are attached:

- **EXHIBIT A**: Index of all documents filed in the state court action;
- **EXHIBIT B**: Register of Actions in the state court action; and
- **EXHIBITS C1 – C4**: A copy of each document filed in the state court action.

## IV.
## REQUEST FOR RELIEF

Based on the foregoing, Defendant Safeco Insurance Company of Indiana respectfully requests that the above-captioned action now pending in the 162nd Judicial District Court, Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division. Safeco further requests all such other and further relief to which it may be justly entitled.

---

[2] Plaintiff's Original Petition, Section XI. *See* TEXAS CIVIL PRACTICE & REMEDIES CODE, §38.001.

[3] Plaintiff's Original Petition, Section XI. *See* TEXAS INSURANCE CODE, §§541.152 and 542.060.

Respectfully submitted,

*/s/ Mark D. Tillman*

MARK D. TILLMAN
State Bar No. 00794742
DANIEL C. SCOTT
State Bar No. 24051316

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail: mark.tillman@tb-llp.com
E-mail: dan.scott@tb-llp.com

**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of **Defendants' Notice of Removal** has been forwarded to Plaintiff's counsel of record, as identified below, via electronic means and/or facsimile, on the 13th day of May, 2015, in accordance with the Federal Rules of Civil Procedure.

Ben Crowell
SBN 24087360
SPEIGHTS & WORRICH
1350 N. Loop 1604 East, Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)
email: bcrowell@speightsfirm.com

**ATTORNEYS FOR PLAINTIFF GENARO NUNEZ**

*/s/ Mark D. Tillman*
MARK D. TILLMAN