# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**SAFECO INSURANCE COMPANY OF INDIANA
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX  78701-3218**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **GENARO NUNEZ**

Filed in said Court  **27th day of March, 2015** against

**SAFECO INSURANCE COMPANY OF INDIANA  et al**

For Suit, said suit being numbered **DC-15-03520,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition , a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 8th day of April, 2015

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Dianne Coffey_
DIANNE COFFEY

---

**CERT MAIL**

# CITATION

## DC-15-03520

**GENARO NUNEZ
vs.
SAFECO INSURANCE
COMPANY OF INDIANA,
et al**

ISSUED THIS
**8th day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
BENJAMIN R CROWELL
SPEIGHTS & WORRICH
1350 NORTH LOOP 1604 EAST
SUITE 104
SAN ANTONIO TX  78232
210-495-6789

EXHIBIT C-1

# OFFICER'S RETURN

Case No. : DC-15-03520

Court No.162nd District Court

Style: GENARO NUNEZ

vs.

SAFECO INSURANCE COMPANY OF INDIANA, et al

Came to hand on the _____8TH_____ day of _____APRIL_____, 20__15_____, at __9:41_____ o'clock_____A_____.M. Executed at

_____, within the County of _____·_____ at _____ o'clock ___ ___.M. on the _____ day

of_____, 20_____, by delivering to the within named

_____

_____

each, **BY US CERTIFIED MAIL, RETURN RECEIPT REQUESTED** , a true copy of this Citation together with the accompanying copy of this pleading, having first

endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my

hand.

|  |  |  |
|---|---|---|
| For serving Citation | $__76.00_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_·_____ | By_____Deputy · |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____·_____County_____

FILED
DALLAS COUNTY
3/27/2015 2:14:01 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-15-03520 _____

| | | |
|---|---|---|
| GENARO NUNEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | I-162ND  JUDICIAL COURT |
| | § | |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA AND ROB HANSEN | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Genaro Nunez, hereinafter referred to as "Plaintiff," complaining of Defendants, Safeco Insurance Company of Indiana and Rob Hansen (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Genaro Nunez, is an individual and resident of Texas.

Defendant, Safeco Insurance Company of Indiana ("Safeco"), is an insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas. It can be served with citation by serving its Attorney for Service, Corporation Service

Company, by certified mail, return receipt requested, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

Defendant, Rob Hansen ("Hansen"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 1600 N. Collins Blve., Richardson, TX 75080-3591, or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Dallas County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Dallas County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Dallas County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.   Plaintiff is the owner of insurance Policy Number OY06837416 issued by Defendant, Safeco (hereinafter referred to as the "Policy").

B.  Plaintiff owned the insured property, which is specifically located at 2809 Garapan Dr., Dallas, Dallas County, Texas 75224-2619 on March 9, 2013 (hereinafter referred to as the "Property").

C.  Defendant Safeco or its agent sold the Policy, insuring the Property, to Plaintiff.

D.  On or about March 9, 2013, a wind and hailstorm struck the Dallas, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.  Plaintiff submitted a claim to Safeco against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm.  Plaintiff asked that Safeco cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.  Defendants have assigned claim number 946606665036 to Plaintiff's claim.

G.  Defendant Hansen was the agent for Safeco and represented Safeco in regard to Plaintiff's claim. Hansen also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim.  As such, Hansen acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, Hansen is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA.   Furthermore, Hansen acted as the agent and representative for Safeco in this claim.

H.  Defendant Hansen improperly adjusted the Plaintiff's claim. Defendant Hansen conducted a substandard inspection, which is evidenced in his report, which failed to

include many of Plaintiff's damages.[1]  His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home.  Without limitation, Hansen misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2] Hansen made these and other misrepresentations to Plaintiff as well as to Safeco.  Plaintiff and Safeco both relied on Hansen's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance.  Hansen's misrepresentations caused Safeco to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property.  This has caused additional, further damage to Plaintiff's property.  Hansen also advised Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property.[3]  This advice was negligent and false because it turns out Plaintiff could not properly repair his Property and prevent future damage by following Hansen's advice.  Plaintiff's Property has sustained further damages as a result.

I.   Defendants Safeco and Hansen misrepresented that the damages caused by the wind and hailstorm were only $3,138.24.[4]  However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $24,000.00.

---

[1] *See Exhibit A: Defendant Hansen's Adjustment Report Dated 8/2/14.*
[2] *Id.*
[3] *Id.*
[4] *Id.*

J.   Defendants Safeco and Hansen failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

K.   These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

L.   Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

M.   Defendant Safeco failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

N.   Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

O.   Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

P.   .Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate

settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation,

without any explanation why full payment was not being made.   Furthermore,

Defendants did not communicate that any future settlements or payments would be

forthcoming to pay for the entire losses covered under the Policy, nor did they provide

any explanation for the failure to adequately settle Plaintiff's claim.  TEX. INS. CODE

Section 541.060(a)(3).

Q.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable

time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection,

regarding the full and entire claim, in writing from Defendants.  Defendants' conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.

INS. CODE Section 541.060(a)(4).

R.   Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even

though Defendants failed to conduct a reasonable investigation.    Specifically,

Defendants performed an outcome-oriented investigation of Plaintiff's claim, which

resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the

Property.   Defendants' conduct constitutes a violation of the Texas Insurance Code,

Unfair Settlement Practices.  TEX. INS. CODE Section 541.060 (a)(7).

S.   Defendants failed to meet their obligations under the Texas Insurance Code regarding

timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim

and requesting all information reasonably necessary to investigate Plaintiff's claim

within the statutorily mandated deadline.  Defendants' conduct constitutes violation of

the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T.     Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information.   Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE Section 542.056.

U.     Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay.   Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for his claim.   Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

V.     From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.   Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

W.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

X.     Plaintiff's experience is not an isolated case.   The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these

types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against Safeco

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Safeco has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542 Against Safeco and Hansen

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would

be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants have automatically violated Section 542 in this case.

## C. DTPA Cause of Action Against Safeco and Hansen

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits

that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair

degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices Against Safeco and Hansen**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.      Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.   Engaging in unfair claims settlement practices;

C.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.   Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.   Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E.   Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against Safeco and Hansen**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

**F. Cause of Action for Fraud Against Safeco and Hansen**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to his detriment. The representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim. As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### G.  Cause of Action for Conspiracy Against Safeco and Hansen

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action

which, among other things, was intended to deprive the Plaintiff of the benefit and coverage of the insurance Policy that he purchased; and Plaintiff suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' conspiracy as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

### H.  Cause of Action for Aiding and Abetting Against Safeco and Hansen

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

#### 1.  Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing.  The other Defendant(s) had knowledge that the primary actor's conduct constituted a tort or torts.  The other Defendant(s) had the intent to assist the primary actor in committing the tort(s).  The other Defendant(s) gave the primary

actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

### 2. Assisting and Participating

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a breach of duty to the Plaintiffs. The other Defendant(s)' participation

was a substantial factor in causing the tort or torts. Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

**I.  Cause of Action for Negligence and Gross Negligence Against Hansen**

Plaintiff realleges and incorporates by reference all previous paragraphs and allegations herein.

The Defendant Hansen was negligent in giving advice to Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property. This advice as to how to repair Plaintiff's Property was negligent because Plaintiff could not properly repair his Property and prevent future damage by following Hansen's advice. Plaintiff's Property has sustained further damages as a result. Hansen owed a duty to use reasonable care when he undertook to advise the Plaintiff as to how he could repair his Property so as to

prevent further damage to the Plaintiff's Property. Defendant Hansen breached this legal duty. The breach proximately caused injury to the Plaintiff.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendant Hansen.

**J. Cause of Action for Negligent Misrepresentation Against Hansen**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendant Hansen constitute negligent misrepresentations that have caused damages to Plaintiff. Defendant Hansen made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which Defendant had an interest. The Defendant supplied false information for the guidance of others, including Plaintiff. The Defendant did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably relied upon such representations, and the Defendant's negligent misrepresentations proximately caused further damages to Plaintiff's Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendant Hansen.

Plaintiff seeks herein, as a result of Defendant's negligent misrepresentations, Plaintiff's actual damages, consequential damages, incidental damages, compensatory

damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### VII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

### IX. ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further

entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendant discloses, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (1).

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 East, Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
BEN CROWELL
Texas State Bar No. 24087360
bcrowell@speightsfirm.com

**ATTORNEY FOR PLAINTIFF**

Page 21 of 21

**Safeco** Insurance

## Safeco Insurance Company

PO Box 515097
Los Angeles, CA 90051-5097
(888) 268-8840 Fax

| Insured: | GENARO NUNEZ | Home: | (214) 205-2939 |
| Home: | | Business: | (214) 205-2939 |
| Property: | 2809 GARAPAN DR | | |
| | Dallas, TX 75224-2619 | | |

| Claim Rep.: | Rob Hansen | Business: | (214) 790-5939 |
| Business: | PO Box 515097 | E-mail: | Robert.Hansen@Safeco.com |
| | Los Angeles, CA 90051 | | |

| Estimator: | Rob Hansen | Business: | (214) 790-5939 |
| | | E-mail: | Robert.Hansen@Safeco.com |
| Business: | PO Box 515097 | | |
| | Los Angeles, CA 90051 | | |

| Reference: | |
| Company: | Safeco Insurance Company of Indiana |

**Claim Number:** 946606665036      **Policy Number:** Y06837416      **Type of Loss:** HAIL

| Date Contacted: | 7/17/2014 | | |
| Date of Loss: | 3/9/2013 | Date Received: | 7/16/2014 |
| Date Inspected: | 7/30/2014 | Date Entered: | 7/17/2014 4:52 PM |
| Date Est. Completed: | 8/2/2014 4:37 PM | | |

| Price List: | TXDF7X_JUL14 |
| | Restoration/Service/Remodel |
| Estimate: | GENARO_NUNEZ |



EXHIBIT

A



**Safeco Insurance Company**

PO Box 515097
Los Angeles, CA 90051-5097
(888) 268-8840 Fax

**We have prepared this estimate to assist you** in determining what is necessary to restore your covered property to its' pre-loss condition. You can provide the estimate to your chosen contractor.

**We have issued a payment to you** in the amount of $1,989.24 for the covered restoration cost less your policy deductible of $1,149.00 and less depreciation amount of $1,362.75; or in other words **Actual Cash Value**. Actual Cash Value represents the value of your damaged covered property as it was just before the loss.

**We offer Replacement Cost Coverage.** To claim this, simply provide us with a copy of the final bill from the contractor or other receipts showing your total cost of repairs for covered property. Payment for this coverage is subject to the terms, conditions, and limitations of your policy, but generally it is based upon the amount you actually spend restoring or replacing the damaged covered property with like kind and quality, up to the amount of depreciation listed on our estimate.

<u>**In Texas, that repair must be completed within 365 days after loss unless you request in writing that this time be extended for an additional 180 days.**</u>

**We are available to assist you if you decide to make repairs.** It is your choice whether or not you have repairs completed. If you choose to make repairs, you will want to carefully consider who you hire to perform the repairs. If you do not have a preferred contractor we may be able to help thru our partnership with **Innovation Managed Property Network.** Benefits include:
·   **Convenience** - The Innovation call center is available 24/7, 365 days per year.
·   **Peace of mind** - All contractors pass background checks and are experienced, certified, licensed, insured and bonded.
·   **Quality** - Innovation and their contractors are committed to customer satisfaction, and adhere to Safeco's estimating guidelines.
·   **Speed** - Innovation's network is committed to contacting policyholders within one hour and the contractor of their choice will inspect their home within 48 hours.
·   **Guarantees** - All work comes with a **three-year warranty,** (Roofing carries a 5 year warranty) and Safeco monitors customer satisfaction of all contractors to provide policyholders with the best choice of service providers.
Remember, the choice of contractors is always yours.

**Contact us immediately if additional damages are found or if your contractor estimate is higher than our estimate** and we will work with you and your contractor to confirm how these factors might change our estimate. **It is important that we have the opportunity to address additions or changes to the estimate before you have those repairs completed,** otherwise the policy may not provide coverage for the additional expenses.

**Want to know more?**
*Common homeowners' claims questions* - our pamphlet may answer questions you have after your property has been inspected.

You can visit our website to view this document *http://www.safeco.com/insurance-claims/homeowners-insurance-claims*

*Contact us if you have additional questions or needs.*

*Please refer to your insurance policy for actual policy language and definitions.*



**Safeco Insurance Company**

PO Box 515097
Los Angeles, CA 90051-5097
(888) 268-8840 Fax

### GENARO_NUNEZ

#### Roof

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Eagleview Measurements were used for this claim. | | | | | |
| Remove Tear off, haul and dispose of comp. shingles - Laminated | 18.39 SQ | 38.70 | 711.69 | (0.00) | 711.69 |
| 3 tab 25 yr comp shng. w/felt - per ind. material source | 20.33 SQ | 88.91 | 1,807.54 | (723.02) | 1,084.52 |
| F/G STRIP SHINGLE - 25 YEAR SQ $65.77 Yes ABC SUPPLY #41 4833 SINGLETON BLVD DALLAS, TX 75212 5 07/01/2014 | | | | | |
| Drip edge | 233.00 LF | 1.47 | 342.51 | (97.86) | 244.65 |
| Flashing - pipe jack - lead | 2.00 EA | 51.62 | 103.24 | (29.50) | 73.74 |
| Detach & Reset Exhaust cap - through roof - 6" to 8" | 4.00 EA | 44.47 | 177.88 | (0.00) | 177.88 |
| Flashing - pipe jack | 3.00 EA | 24.54 | 73.62 | (21.03) | 52.59 |
| Roof vent - turbine type | 2.00 EA | 95.75 | 191.50 | (54.71) | 136.79 |
| Roof vent - turtle type - Metal | 1.00 EA | 38.85 | 38.85 | (11.10) | 27.75 |
| **Totals: Roof** | | | **3,446.83** | **937.22** | **2,509.61** |

#### Shed

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Eagleview Measurements were used for this claim. | | | | | |
| Remove Tear off, haul and dispose of comp. shingles - Laminated | 1.12 SQ | 38.70 | 43.34 | (0.00) | 43.34 |
| Lam. comp shng. w/felt - per ind. material source | 1.33 SQ | 154.89 | 206.00 | (68.67) | 137.33 |
| F/G STRIP SHINGLE - 25 YEAR SQ $65.77 Yes ABC SUPPLY #41 4833 SINGLETON BLVD DALLAS, TX 75212 5 07/01/2014 | | | | | |
| Drip edge | 112.00 LF | 1.47 | 164.64 | (47.04) | 117.60 |
| **Totals: Shed** | | | **413.98** | **115.71** | **298.27** |

#### Rear Elevation

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Comb/straighten a/c cond. fins - w/trip charge - Large | 1.00 EA | 182.37 | 182.37 | (121.58) | 60.79 |
| Includes: Labor and travel time to comb and straighten a large a/c condenser unit's fins that have been damaged (e.g. from a hailstorm). | | | | | |
| Quality: 5 ton unit or larger. | | | | | |

GENARO_NUNEZ

8/2/2014                    Page: 3



**Safeco Insurance Company**

PO Box 515097
Los Angeles, CA 90051-5097
(888) 268-8840 Fax

**CONTINUED - Rear Elevation**

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| **Totals: Rear Elevation** | | | **182.37** | **121.58** | **60.79** |
| **Line Item Totals: GENARO_NUNEZ** | | | **4,043.18** | **1,174.51** | **2,868.67** |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| Dwelling | 3,629.20 | 89.76% | 2,830.53 | 90.19% |
| Other Structures | 413.98 | 10.24% | 307.71 | 9.81% |
| Total | 4,043.18 | 100.00% | 3,138.24 | 100.00% |



**Safeco Insurance Company**

PO Box 515097
Los Angeles, CA 90051-5097
(888) 268-8840 Fax

## Summary for Dwelling

| | | | | |
|---|---|---|---|---:|
| Line Item Total | | | | 3,629.20 |
| Material Sales Tax | @ | 8.250% x | 525.28 | 43.34 |
| | | | | 3,672.54 |
| Overhead | @ | 10.0% x | 2,003.55 | 200.35 |
| Profit | @ | 10.0% x | 2,003.55 | 200.35 |
| **Replacement Cost Value** | | | | **$4,073.24** |
| Less Depreciation | | | | (1,242.71) |
| **Actual Cash Value** | | | | **$2,830.53** |
| Less Deductible | | | | (1,149.00) |
| **Net Claim** | | | | **$1,681.53** |
| Total Recoverable Depreciation | | | | 1,242.71 |
| **Net Claim if Depreciation is Recovered** | | | | **$2,924.24** |

Rob Hansen



**Safeco Insurance Company**

PO Box 515097
Los Angeles, CA 90051-5097
(888) 268-8840 Fax

## Summary for Other Structures

| | | | | |
|---|---|---|---|---:|
| Line Item Total | | | | 413.98 |
| Material Sales Tax | @ | 8.250% x | 166.91 | 13.77 |
| **Replacement Cost Value** | | | | **$427.75** |
| Less Depreciation | | | | (120.04) |
| **Actual Cash Value** | | | | **$307.71** |
| **Net Claim** | | | | **$307.71** |
| Total Recoverable Depreciation | | | | 120.04 |
| **Net Claim if Depreciation is Recovered** | | | | **$427.75** |

Rob Hansen

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN, SR. COURTS BLDG.
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



9214 8901 0661 5400 0055 9603 31

**Return Receipt (Electronic)**

**DC15-03520**

CORPORATION SERVICE COMPANY
SAFECO INSURANCE COMPANY OF INDIANA
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - CUT / FOLD HERE - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - 6"X9" ENVELOPE - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CUT / FOLD HERE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - CUT / FOLD HERE - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



**CERTIFIED MAIL**

FIRST CLASS

UNITED STATES POSTAGE

PITNEY BOWES

02 1R
0002010651
MAILED FROM ZIP CODE 75202

$ 11.52⁰
APR 09 2015

SHO
DELI
Addr
Addr

Deliv
Addr
ONL